UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, et al.,[1]

    Debtors.
_____/

SONEET R. KAPILA, Chapter 7 Trustee of
the estate of FONTAINEBLEAU LAS VEGAS
HOLDINGS, LLC, et al.

    Plaintiff,

vs.


VIAWEST, INC.,

    Defendant.
_____/

Chapter 7
*(Converted from Chapter 11)*

Case No. 09-21481-BKC-AJC
*(Jointly Administered)*

Adv. Proc. No.

## CHAPTER 7 TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS

Soneet R. Kapila, the duly appointed Trustee (the "**Trustee**" or the "**Plaintiff**") in these cases converted from Chapter 11 to Chapter 7, hereby files his Complaint to Avoid and Recover Preferential and Fraudulent Transfers (the "**Complaint**") against VIAWEST, INC., (the "**Defendant**") and alleges as follows:

### GENERAL ALLEGATIONS

#### A.    THE PARTIES

1.    This adversary proceeding relates to:

_____

[1] The Debtors comprise (a) Fontainebleau Las Vegas Holdings, LLC (Case No. 09-21481-BKC-AJC); (b) Fontainebleau Las Vegas, LLC (Case No. 09-21482-BKC-AJC); (c) Fontainebleau Las Vegas Capital Corp. (Case No. 09-21483-BKC-AJC); (d) Fontainebleau Las Vegas Retail Parent, LLC (Case No. 09-36187-BKC-AJC); (e) Fontainebleau Las Vegas Retail Mezzanine, LLC (Case No. 09-36191-BKC-AJC); and (f) Fontainebleau Las Vegas Retail, LLC (Case No. 09-36197-BKC-AJC).

(a) Fontainebleau Las Vegas Holdings, LLC (Case No. 09-21481-BKC-AJC); Fontainebleau Las Vegas, LLC (Case No. 09-21482-BKC-AJC); and Fontainebleau Las Vegas Capital Corp. (Case No. 09-21483) (collectively the **"Resort Debtors"**); and

(b) Fontainebleau Las Vegas Retail Parent, LLC (Case No. 09-36187); Fontainebleau Las Vegas Retail Mezzanine, LLC (Case No. 09-36191-BKC-AJC); and Fontainebleau Las Vegas Retail Mezzanine, LLC (Case No. 09-36197-BKC-AJC) (collectively the **"Retail Debtors"**)

(the Resort Debtors and the Retail Debtors, together, the **"Debtors"**).

2.      The Resort Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the **"Bankruptcy Court"**), on June 9, 2009.

3.      The Retail Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court on November 25, 2009.

4.      These cases were converted from cases under Chapter 11 to cases under Chapter 7 by order of this Court dated April 12, 2010 (Main Case DE #1944).

5.      On April 20, 2010, Soneet R. Kapila was appointed as the Chapter 7 Trustee in these cases (Main Case DE #1973).

6.      Fontainebleau Las Vegas Holdings, LLC (**"Resort Holdings"**) is a limited liability company organized under the laws of Nevada.

7.      Fontainebleau Las Vegas, LLC (**"Resort"**) is a limited liability company organized under the laws of Nevada.

8.     Fontainebleau Las Vegas Capital Corp. ("**Capital**") is a corporation organized under the laws of Delaware.

9.     Fontainebleau Las Vegas Retail Parent, LLC ("**Retail Parent**") is a limited liability company organized under the laws of Delaware.

10.     Fontainebleau Las Vegas Retail Mezzanine, LLC ("**Retail Mezzanine**") is a limited liability company organized under the laws of Delaware.

11.     Fontainebleau Las Vegas Retail, LLC ("**Retail**") is a limited liability company organized under the laws of Delaware.

12.     The Defendant, VIAWEST, INC. is a foreign corporation.

13.     The Defendant received funds and property from Fontainebleau Las Vegas Holdings, LLC ("**FBLV**" or the "**Debtor**"), and the Trustee seeks to avoid and recover those transfers under the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq*.

### B.     JURISDICTION AND VENUE

14.     The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§1334 and 157(b)(2)(F), (H), and (O), 11 U.S.C. §§547, 548 and 550, and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

15.     Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §1409(a).

### C.     TRANSFERS TO OR FOR THE BENEFIT OF THE DEFENDANT

16.     During the ninety (90) days prior to the Petition Date, FBLV transferred $27,729.00 to the Defendant (the "**90-Day Transfers**").  A copy of the 90-Day Transfers is set forth on Exhibit "A" attached to and made a part of this Complaint.

3

17. During the two years prior to the Petition Date, FBLV transferred a total of $59,975.88 to the Defendant (the "**Two-Year Transfers**"). A copy of the Two-Year Transfers is set forth on Exhibit "B" attached to and made a part of this Complaint.

18. During the four years prior to the Petition Date, FBLV transferred $59,975.88 to the Defendant (the "**Four-Year Transfers**"). A copy of the Four-Year Transfers is set forth on Exhibit "C" attached to and made a part of this Complaint.

**COUNT I**

**<u>AVOIDANCE OF PREFERENTIAL TRANSFER UNDER 11 U.S.C. §547</u>**

19. The Trustee realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20. This is an action to avoid a preferential transfer.

21. During the ninety (90) days preceding the Petition Date, the Debtor made the 90-Day Transfer on account of an antecedent debt.

22. The transfer of the 90-Day Transfer may be avoided by the Trustee because they constitute a transfer of an interest of the Debtor in property:

(a) to or for the benefit of a creditor;

(b) for or on account of an antecedent debt owed by the Debtor before such transfer was made;

(c) made while the Debtor was insolvent;

(d) made on or within 90 days before the Petition Date;

(e) that enabled the Defendant to receive more than the Defendant would receive if:

4

    i.  the case was a case under Chapter 7 of the Bankruptcy Code;

    ii.  the transfer had not been made; and

    iii.  the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23.    On March 4, 2011 (the "**Demand Date**"), the Trustee made a written demand on the Defendant for the 90-Day Transfer.

24.    The Defendant has not remitted the amount of the 90-Day Transfer to the Trustee.

WHEREFORE, the Trustee respectfully requests the following relief:

A.    entry of an order avoiding the 90-Day Transfer made to the Defendant pursuant to § 547(b) of the Bankruptcy Code; and

B.    entry of judgment against the Defendant in an amount not less than the 90-Day Transfer, plus prejudgment interest from the Demand Date; and

C.    awarding costs and expenses of this action including, without limitation, attorney's fees;

D.    disallowing any claim that Defendant may have against FBLV or any jointly-administered debtor, including without limitation, pursuant to and as provided in § 502(d) of the Bankruptcy Code; and

E.    granting such other and further relief as may be just and proper.

## COUNT II

### CONSTRUCTIVE FRAUD – AVOIDANCE OF FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER 11 U.S.C. § 548(a)(1)(B)

25.    Paragraphs 1 through 18 inclusive are realleged and incorporated herein by

reference.

26.     This is an action to recover fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

27.     Within two years prior to the Petition Date, the Debtor transferred the Two-Year Transfers to or for the benefit of the Defendant.

28.     The Debtor received less than reasonably equivalent value in exchange for transferring the Two-Year Transfers to the Defendant and, as such, the Defendant failed to act in good faith.

29.     At the time of the Two-Year Transfers, the Debtor was insolvent or became insolvent as a result thereof, and remained insolvent continuously thereafter.

30.     At the time of the Two-Year Transfers, the Debtor was engaged or was about to engage in business or a transaction for which the remaining property of the Debtor constituted an unreasonably small amount of capital.

31.     At the time of the Two-Year Transfers, the Debtor intended to incur, or believed or reasonably should have believed, that it would incur debts that would be beyond its ability to pay as said debts matured.

32.     The Two-Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

33.     Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the estate of the Debtor is authorized to the extent that the Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the Trustee respectfully requests the following relief:

A.     the entry of an order determining that the Two-Year Transfers are fraudulent and

6

avoidable under 11 U.S.C. § 548(a)(1)(B), and avoiding the Two-Year Transfers;

B.      entry of a judgment in favor of the Trustee against Defendant in an amount not less than the value of the Two-Year Transfers, plus pre-judgment interest;

C.      awarding costs and expenses in this action including, without limitation, attorneys fees;

D.      disallowing any claim that Defendant may have against the Debtor or any jointly administered debtor, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and

E.      granting such other and further relief as the Court deems just and proper.

### COUNT III

**CONSTRUCTIVE FRAUD – AVOIDANCE OF
FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER 11 U.S.C.
§ 544(b)(1) AND FLA. STAT. §§ 726.105(1)(b), 726.106(1) AND 726.108**

34.     Paragraphs 1 through 18 inclusive are realleged and incorporated herein by reference.

35.     This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and the Florida Uniform Fraudulent Transfers Act ("**FUFTA**").

36.     Within four years prior to the Petition Date, the Debtor transferred the Four-Year Transfers to or for the benefit of the Defendant.

37.     The Debtor received less than reasonably equivalent value in exchange for transferring the Four-Year Transfers to the Defendant and, as such, the Defendant failed to act in good faith.

38.     At the time of the Four-Year Transfers, the Debtor was insolvent and remained

7

continuously thereafter.

39. At the time of the Four-Year Transfers, the Debtor was engaged in business or a transaction for which the remaining assets were unreasonably small in relation to its business or transaction.

40. At the time of the Four-Year Transfers, the Debtor intended to incur, or believed or reasonably should have believed, it would incur debts that would be beyond its ability to pay as said debts became due.

41. The Four-Year Transfers are avoidable under Fla. Stat. 726.105(1)(b), 726.106(1), and 726.108(1)(a), and 11 U.S.C. § 544(b)(1).

42. Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of the FBLV estate is authorized to the extent that the Four-Year Transfers are avoided under 11 U.S.C. § 544(b)(1) and FUFTA.

WHEREFORE, the Trustee demands judgment against the Defendant as follows:

A. the entry of an order determining that the Four-Year Transfers are fraudulent and avoidable under 11 U.S.C. § 544(b)(1), and avoiding the Four-Year Transfers;

B. entry of a judgment in favor of the Trustee against Defendant in an amount not less than the amount of the Four-Year Transfers, plus pre-judgment interest;

C. awarding costs and expenses in this action including, without limitation, attorney's fees;

D. disallowing any claim that Defendant may have against the Debtor or any jointly administered debtor, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and

8

E.      granting such other and further relief as the Court deems just and proper.

## COUNT IV
## RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

43.     The Trustee realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above as though fully set forth herein.

44.     Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. §§ 544, 547 or 548, the Trustee has the right to recover the property transferred or the value of the property transferred.

45.     The Trustee is entitled to recover all avoided transfers from the Defendant or the value thereof from the Defendant as the Defendant is the initial transferee of the Preference Payments or the entity for whose benefit such transfers were made.

WHEREFORE, the Trustee as Plaintiff respectfully requests the following relief:

A.      entering judgment against the Defendant and entering a money judgment against said Defendant pursuant to 11 U.S.C. § 550;

B.      awarding attorney's fees, court costs and interest; and

C.      granting such other and further relief as may be just and proper.

9

Dated this __ day of June, 2011.

FURR AND COHEN, P.A.
Attorneys for Trustee
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
Tel:(561)395-0500; Fax:(561)338-7532

By: /s/Alvin S. Goldstein
Alvin S. Goldstein
Florida Bar No: 993621
e-mail:agoldstein@furrcohen.com

VIAWEST, INC.
1200 17th Street #1150
Denver, CO 80202

10

**FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC. ET AL, Debtors**
**Chapter 11 - Case No. 09-21481-BKC-AJC (Jointly Administered)**
**United States Bankruptcy Court**
**Southern District of Florida**
**Miami Division**

**Disbursements to ViaWest Inc.**
**For the Period March 11, 2009 to June 9, 2009 (90-day period)**

Source: Debtor's Accounting System
Petition Date: June 9, 2009

| No. | Vendor Name | Check No. | Check Date | Total Payment Amount | Total Preference Amount | Invoice/ PO No. | Invoice Date |
|---|---|---|---|---|---|---|---|
| 14310 | VIAWEST INC | 4737 | 04/07/09 | $ 6,430.00 | $ 6,430.00 | 3022009a | 3/5/2009 |
| 14548 | VIAWEST INC | 4862 | 04/22/09 | 6,430.00 | 6,430.00 | 4022009a | 4/3/2009 |
| 14547 | VIAWEST INC | 4862 | 04/22/09 | 5,449.00 | 5,449.00 | 3022009b | 3/5/2009 |
| 14546 | VIAWEST INC | 4862 | 04/22/09 | 9,420.00 | 9,420.00 | 2022009a | 2/4/2009 |
| | **Total Preference Amount** | | | | $ 27,729.00 | | |

**EXHIBIT**

" A "

United States Bankruptcy Court
## Southern District of Florida
### Miami Division

**Disbursements to ViaWest Inc.**
**For the Period June 10, 2007 to June 9, 2009 (2-year period)**

**Source:** Debtor's Accounting System
**Petition Date:** June 9, 2009

| No. | Vendor | Check No. | Check Date | Amount Paid | Invoice No. | Invoice Date |
|---|---|---|---|---|---|---|
| 11462 | VIAWEST INC | 3185 | 08-08-2008 | $ 960.00 | 7012008 | 07-01-08 |
| 11463 | VIAWEST INC | 3185 | 08-08-2008 | 5,449.00 | 7012008A | 07-01-08 |
| 12447 | VIAWEST INC | 3781 | 11-05-2008 | 1,650.00 | 9012008B-R | 10-30-08 |
| 12445 | VIAWEST INC | 3781 | 11-05-2008 | 1,760.00 | 10012008B-R | 10-30-08 |
| 12446 | VIAWEST INC | 3781 | 11-05-2008 | 2,608.76 | 8012008B-R | 10-30-08 |
| 13023 | VIAWEST INC | 4093 | 12-23-2008 | 5,449.00 | 12012008B | 12-01-08 |
| 13270 | VIAWEST INC | 4239 | 01-15-2009 | 1,650.00 | 11032008A | 11-03-08 |
| 13384 | VIAWEST INC | 4293 | 01-22-2009 | 12,720.12 | 1022009a | 01-02-09 |
| 14310 | VIAWEST INC | 4737 | 04-07-2009 | 6,430.00 | 3022009a | 03-05-09 |
| 14547 | VIAWEST INC | 4862 | 04-22-2009 | 5,449.00 | 3022009b | 03-05-09 |
| 14548 | VIAWEST INC | 4862 | 04-22-2009 | 6,430.00 | 4022009a | 04-03-09 |
| 14546 | VIAWEST INC | 4862 | 04-22-2009 | 9,420.00 | 2022009a | 02-04-09 |
| | **Total** | | | **$ 59,975.88** | | |

EXHIBIT
" D "

## FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC. ET AL, Debtors
### Chapter 11 - Case No. 09-21481-BKC-AJC (Jointly Administered)
### United States Bankruptcy Court
### Southern District of Florida
### Miami Division

### Disbursements to ViaWest Inc.
### For the Period June 9, 2005 to June 9, 2009 (4-year period)

**Source:** Debtor's Accounting System
**Petition Date:** June 9, 2009

| No. | Vendor | Check No. | Check Date | Amount Paid | Invoice No. | Invoice Date |
|-----|--------|-----------|------------|-------------|-------------|--------------|
| 11462 | VIAWEST INC | 3185 | 08-08-2008 | $ 960.00 | 7012008 | 07-01-08 |
| 11463 | VIAWEST INC | 3185 | 08-08-2008 | 5,449.00 | 7012008A | 07-01-08 |
| 12447 | VIAWEST INC | 3781 | 11-05-2008 | 1,650.00 | 9012008B-R | 10-30-08 |
| 12445 | VIAWEST INC | 3781 | 11-05-2008 | 1,760.00 | 10012008B-R | 10-30-08 |
| 12446 | VIAWEST INC | 3781 | 11-05-2008 | 2,608.76 | 8012008B-R | 10-30-08 |
| 13023 | VIAWEST INC | 4093 | 12-23-2008 | 5,449.00 | 12012008B | 12-01-08 |
| 13270 | VIAWEST INC | 4239 | 01-15-2009 | 1,650.00 | 11032008A | 11-03-08 |
| 13384 | VIAWEST INC | 4293 | 01-22-2009 | 12,720.12 | 1022009a | 01-02-09 |
| 14310 | VIAWEST INC | 4737 | 04-07-2009 | 6,430.00 | 3022009a | 03-05-09 |
| 14547 | VIAWEST INC | 4862 | 04-22-2009 | 5,449.00 | 3022009b | 03-05-09 |
| 14548 | VIAWEST INC | 4862 | 04-22-2009 | 6,430.00 | 4022009a | 04-03-09 |
| 14546 | VIAWEST INC | 4862 | 04-22-2009 | 9,420.00 | 2022009a | 02-04-09 |
| | **Total** | | | **$ 59,975.88** | | |

## EXHIBIT
## " C "



*Kapila & Compan*