**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*
www.flsb.uscourts.gov

In re:

**FONTAINEBLEAU LAS VEGAS,**
**HOLDINGS, LLC**, et al.,

　　　　Debtors.

_____/

**SONEET KAPILA**, as Chapter 7
Trustee for Fontainebleau Las Vegas,
Holdings, LLC.**,**

　　　　Plaintiff**,**

**V.**

**VIAWEST, INC.,**

　　　　Defendant**.**

_____/

Case No.　　09-21481-AJC
(Jointly Administered)

Chapter 7
(Converted from Chapter 11)

**ADVERSARY PROCEEDING**
**CASE NO.  11-02094-AJC-A**

## DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES

　　　　Defendant, ViaWest, Inc. ("Defendant"), respectfully submits the following

Answer and Affirmative Defenses (for ease of reference, the "Answer") to the Complaint

("Complaint") filed by the plaintiff, Soneet Kapila ("Plaintiff"), as Chapter 7 Trustee for

Fontainebleau Las Vegas, Holdings, LLC (the "Debtor"), and states - upon knowledge

as to itself and all matters of public record - and upon information and belief as to all

other matters - as follows:

## GENERAL ALLEGATIONS[1]

### A.　　The Parties

　　　　1.　　Defendant is without sufficient knowledge or information to form a

_____

　　　　1　　Defendant adopts the headings and defined terms used in the Complaint
for the ease of the reader, and for no other reason or purpose.

belief as to the truth of the allegations in paragraph 1 of the Complaint, and same are therefore denied in their entirety and for all purposes.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     Defendant is uncertain what the allegations contained in paragraph 12 of the Complaint means, so same are therefore denied in their entirety and for all purposes.

13.     By way of response to allegations contained in paragraph 13 of the Complaint, Defendant admits only that it received payments, however, the Complaint does not provide enough facts as to any given transfer (particularly as to dates, times, or legal character) to enable Defendant to admit or deny the material allegations, so that all remaining allegations in paragraph 13 are denied in their entirety and for all purposes.

## B.     Jurisdiction and Venue

14.     The allegations contained in paragraph 14 of the Complaint are legal conclusions to which no response is required by Defendant.

15.     The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required by Defendant.

## C.     Transfers To Or For The Benefit Of The Defendant

16.     By way of response to allegations contained in paragraph 16 of the Complaint, Defendant admits only that it received payments, however, the Complaint does not provide enough facts as to any given transfer (particularly as to dates, times,

or legal character) to enable Defendant to admit or deny the material allegations, so that all remaining allegations in paragraph 16 are denied in their entirety and for all purposes.

17.    By way of response to allegations contained in paragraph 17 of the Complaint, Defendant admits only that it received payments, however, the Complaint does not provide enough facts as to any given transfer (particularly as to dates, times, or legal character) to enable Defendant to admit or deny the material allegations, so that all remaining allegations in paragraph 17 are denied in their entirety and for all purposes.

18.    By way of response to allegations contained in paragraph 18 of the Complaint, Defendant admits only that it received payments, however, the Complaint does not provide enough facts as to any given transfer (particularly as to dates, times, or legal character) to enable Defendant to admit or deny the material allegations, so that all remaining allegations in paragraph 18 are denied in their entirety and for all purposes.

## COUNT I
### (Avoidance of Preferential Transfers Under 11 U.S.C. § 547)

19.    Defendant repeats its responses to the allegations contained in paragraphs 1 through 18 as if fully set forth.

20.    The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required by Defendant.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

      a.  Defendant denies the allegations contained in paragraph 22(a) of the Complaint.

      b.  Defendant denies the allegations contained in paragraph 22(b) of the Complaint.

      c.  Defendant denies the allegations contained in paragraph 22(c) of the Complaint.

      d.  Defendant denies the allegations contained in paragraph 22(d) of the Complaint.

      e.  Defendant denies the allegations contained in paragraph 22(e) of the Complaint.

23.     Defendant admits the allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits the allegations contained in paragraph 24 of the Complaint.

## COUNT II
## CONSTRUCTIVE FRAUD – AVOIDANCE OF FRAUDULENT TRANSFERS RECEIVED BY DEFENDANT UNDER – 11 U.S.C. § 548(a)(1)(B)

25.    Defendant repeats its responses to the allegations contained in paragraphs 1 through 18 as if fully set forth.

26.    The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required by Defendant.

27.    By way of response to allegations contained in paragraph 27 of the Complaint, Defendant admits only that it received payments, however, the Complaint does not provide enough facts as to any given transfer (particularly as to dates, times, or legal character) to enable Defendant to admit or deny the material allegations, so that all remaining allegations in paragraph 27 are denied in their entirety and for all purposes.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and same are therefore denied in their entirety and for all purposes.

30.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and same are therefore denied in their entirety and for all purposes.

31.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and same are therefore denied in their entirety and for all purposes.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required by Defendant.

**COUNT III**
**CONSTRUCTIVE FRAUD – AVOIDANCE OF FRAUDULENT TRANSFERS**
**RECEIVED BY DEFENDANT UNDER – 11 U.S.C. § 544(b)(1) and Fla. Stat. §§**
**726.105(1)(b), 726.106(1) and 726.108**

34.     Defendant repeats its responses to the allegations contained in paragraphs 1 through 18 as if fully set forth.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is required by Defendant.

36.     By way of response to allegations contained in paragraph 36 of the Complaint, Defendant admits only that it received payments, however, the Complaint does not provide enough facts as to any given transfer (particularly as to dates, times, or legal character) to enable Defendant to admit or deny the material allegations, so that all remaining allegations in paragraph 36 are denied in their entirety and for all purposes.

37.     Defendant denies the allegations contained in paragraph 37 of the

Complaint.

38.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and same are therefore denied in their entirety and for all purposes.

39.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and same are therefore denied in their entirety and for all purposes.

40.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and same are therefore denied in their entirety and for all purposes.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.    The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required by Defendant.

### COUNT IV
### RECOVERY OF AVOIDED TRANSFERS UNDER – 11 U.S.C. § 550

43.    Defendant repeats its responses to the allegations contained in paragraphs 1 through 18 as if fully set forth.

44.    The allegations contained in paragraph 44 of the Complaint are legal conclusions to which no response is required by Defendant.

45.    Defendant denies the allegations contained in paragraph 45 of the

Complaint.

46.    All allegations not specifically admitted herein are denied in their entirety and for all purposes.

**WHEREFORE** Defendant respectfully requests that the Court dismiss the Complaint in all respects, grant Defendant its attorneys fees, costs and expenses associated with this matter, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7012(b), the Complaint must be dismissed in that it fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

All of the payments sued upon were intended by the Debtor and Defendant to be contemporaneous exchanges for new value given to the Debtor, and were in fact substantially contemporaneous exchanges.  As such, the payments may not be avoided pursuant to 11 U.S.C. 547(c)(1).

### Third Affirmative Defense

All of the payments sued upon were made in connection with debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and

Defendant, were made in the ordinary course of business or financial affairs of the Debtor and Defendant, and were made according to ordinary business terms.  As such, the payments may not be avoided pursuant to 11 U.S.C 547(c)(2).

### Fourth Affirmative Defense

All of the payments sued upon were made in connection with debts incurred by the Debtor in the ordinary course of business or financial affairs within the relevant industry or industries of the Debtor and Defendant, were made in the ordinary course of the relevant industry or industries of the Debtor and, and were made according to ordinary business terms of the relevant industry or industries of the Debtor and Defendant.  As such, the payments may not be avoided pursuant to 11 U.S.C 547(c)(2).

### Fifth Affirmative Defense

Subsequent to the payments sued upon, Defendant gave new value to or for the benefit of the Debtor which new value was not secured by an otherwise unavoidable security interest; and on account of which new value the Debtor did not make otherwise unavoidable transfers to or for the benefit of Defendant.  As such, the payments may not be avoided pursuant to 11 U.S.C 547(c)(4).

### Sixth Affirmative Defense

To the extent the alleged payments sued upon otherwise meet the elements of 11 U.S.C. § 547(b), the payments created a security interest in property acquired by the Debtor in accordance with 11 U.S.C. § 547(c)(3).

### Seventh Affirmative Defense

To the extent that the payments sued upon otherwise meet the elements of 11 U.S.C. § 547(b), then in accordance with 11 U.S.C. § 547(c)(6), the payments are the fixing of a statutory lien that is not avoidable under 11 U.S.C. § 545.

### Eighth Affirmative Defense

On information and belief, the Complaint is barred in whole or in part because the Defendant has valid claims for setoff/recoupment.

### Reservation Of Rights

Defendant reserves the right to add additional defenses and affirmative defenses as same may appear pursuant from discovery and otherwise as these proceedings develop.

**WHEREFORE** Defendant respectfully requests that the Court dismiss the Complaint in all respects, grant Defendant its attorneys fees, costs and expenses associated with this matter, and such other and further relief as this Court deems just and proper.

### CERTIFICATES OF SERVICE AND ADMISSION

**I HEREBY CERTIFY THAT** on this date a true copy of the foregoing was furnished VIA THE Court's EM/ECF System to all parties entitled to receive electronic noticing.

**I FURTHERCERTIFY THAT** I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

**DATED**: August 10, 2011

Respectfully submitted:

/s/ David R. Softness
David R. Softness, Esq.
FBN:  513229
**DAVID R. SOFTNESS P.A.**
201 South Biscayne Boulevard
Suite 1740
Miami, FL  33131
Tel:    305-341-3111
Email: david@softnesslaw.com