UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Case No. 09-21481-BKC-AJC |
| | Chapter 7 |
| FONTAINEBLEAU LAS VEGAS | Jointly Administered |
| HOLDINGS, LLC, et al., | |
| | |
|     Debtors. | |
| _____/ | |
| SONEET R. KAPILA, Chapter 7 Trustee of | Adv. Proc. No. 11-02094-AJC |
| the estate of FONTAINEBLEAU LAS VEGAS | |
| HOLDINGS, LLC, et al. | |
| | |
|     Plaintiff, | |
| | |
| vs. | |
| | |
| VIA WEST, INC., | |
| | |
|     Defendant. | |
| _____/ | |

### JOINT MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE

Soneet R. Kapila, as Chapter 7 Trustee (the "Trustee") for the estate of Fontainebleau Las Vegas Holdings, LLC (the "Debtors") and Via West, Inc. (the "Defendant") (collectively referred to as the "Parties"), by and through their undersigned counsel, file this Joint Motion to Dismiss Adversary Proceeding With Prejudice and in support thereof state as follows:

1. On June 9, 2009, certain of the Debtors filed voluntary petitions for relief, and on November 25, 2009, others of the Debtors filed voluntary petitions, all under Chapter 11 of the Bankruptcy Code.

2. These cases were converted from cases under Chapter 11 to cases under Chapter 7 by order of this Court dated April 12, 2010. (ECF #1944).

3.      By notice dated April 20, 2010, the United States Trustee appointed Soneet R. Kapila as Trustee.  (ECF #1973).

4.      On June 8, 2011, pursuant to §§544, 547, 548 and 550 of the Bankruptcy Code, the Trustee instituted an adversary proceeding (the "Adversary Proceeding") by filing a complaint against the Defendant seeking to recover a total of $59,975.88 transferred to the Defendant by the Debtors (the "Adversary Complaint").  (ECF #3056; Adv. Proc. ECF #1).

5.      Defendant was served with the Summons and a copy of the Adversary Complaint via first class mail on June 21, 2011.

6.      On August 1, 2011, Defendant filed its Answer and Affirmative Defenses to the Adversary Complaint.  (Adv. Proc. ECF #6).

7.      On October 3, 2011 this Court entered an Order Establishing Procedures for Compromise of Avoidance Actions (the "Order").  (ECF #3161).

8.      Paragraphs 6 and 8 of the Order apply to the settlement of the Adversary Proceeding and state the following:

> 6. In those instances in which approval of the Court is required for a settlement, approval shall be obtained in accordance with the applicable Bankruptcy Rules and local rules of this Court, including rule(s) authorizing the use of negative notice.
>
> 8. Upon reaching settlement of an Avoidance Action with respect to which a complaint has been filed and an adversary proceeding thereby commenced, the following procedures shall apply:
> ***
> (b) If the defendant has filed an answer, the parties shall file a joint motion for dismissal of the adversary proceeding.

The Order ¶¶6, 8 (ECF #3161).

9.      On or about November 14, 2011 the Trustee and the Defendant agreed to settle the Adversary Proceeding in exchange for Defendant's payment of $12,500 ("Stipulation to Compromise Controversy").

10.      On March 21, 2012 the Trustee filed his Motion to Approve Stipulation to Compromise Controversy on Negative Notice (the "Approval Motion") and attached a copy of the Stipulation to Compromise Controversy thereto.  (ECF #3359).

11.      On April 12, 2012 the Trustee filed his Certificate of No Response certifying that no objections to, or requests for hearing on, the Approval Motion were filed or received.  (ECF #3234).

12.      On April 13, 2012 this Court entered its Order Granting Motion to Approve Settlement Between Trustee and Via West. (ECF #3381).

13.      On or about December 27, 2011, the Trustee timely received the Defendant's settlement payment in full satisfaction of the Stipulation to Compromise Controversy.

WHEREFORE, the Parties respectfully request that this Court enter an Order dismissing the above referenced adversary proceeding with prejudice and grant such other and further relief as this Court deems just and proper.

[Remainder of page intentionally left blank]

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: April 13, 2012

> FURR AND COHEN, P.A.
> Attorneys for Plaintiff/Trustee
> 2255 Glades Road, Suite 337W
> Boca Raton, Florida 33431
> (561) 395-0500
> (561) 338-7532 - facsimile
>
> By: s/*Charles I. Cohen*
>     Charles I. Cohen
>     Florida Bar No: 224121
>     E-mail: ccohen@furrcohen.com

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> DAVID R. SOFTNESS, P.A.
> Attorney for Defendant
> David R. Softness, Esq.
> 201 South Biscayne Blvd., Suite 1740
> Miami, Florida  33131
> Tel:    305-341-3111
> Fax:    305-402-0234
>
> By: s/*David R. Softness*
>     David R. Softness, Esq.
>     Florida Bar No.: 513229
>     E-mail: david@softnesslaw.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been sent in the manner indicated this 13th day of April, 2012 to all parties listed below.

FURR AND COHEN, P.A.
Attorneys for Plaintiff/Trustee
2255 Glades Road, Suite 337W
Boca Raton, Florida 33431
(561) 395-0500
(561) 338-7532 - facsimile

By: s/*Charles I. Cohen*
    Charles I. Cohen
    Florida Bar No: 224121
    E-mail: ccohen@furrcohen.com

**VIA ECF:**

- Charles I Cohen   pmouton@furrcohen.com
- Alvin S. Goldstein   mmitchell@furrcohen.com
- David R. Softness   david@softnesslaw.com
- Soneet R. Kapila   skapila@kapilatrustee.com
- Office of the US Trustee   USTPRegion21.MM.ECF@usdoj.gov